IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HASSAN RAASHANN SHABAZZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 7:14-cv-00457 |
| | ) | |
| B.J. LOKEY, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is now before the court on plaintiff Hassan Raashann Shabazz's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which defendants oppose. For the following reasons, the court will deny Shabazz's motion to alter or amend.

I. INTRODUCTION

On August 27, 2014, Hassan Raashann Shabazz filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming officials of the Augusta Correctional Center and the Virginia Department of Corrections ("VDOC") as defendants. At trial, Shabazz argued that defendants violated his rights under the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") by confiscating documents from his cell. On September 30, 2017, the court entered judgment in favor of defendants.

II. DISCUSSION

Amending a judgment "is an extraordinary remedy that should be applied sparingly." *Mayfield v. National Ass'n for Stock Car Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citation omitted). "A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" *Id.*

(quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). "Importantly, however, a Rule 59(e) motion for reconsideration may not be used to 'reargue the facts and law originally argued in the parties' briefs.'" *Projects Mgmt. Co. v. DynCorp Int'l, LLC*, 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) (quoting *United States v. Smithfield Foods*, 969 F. Supp. 975, 977 (E.D. Va. 1997)); *see also Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

Shabazz claims that the court erred because: (1) defendants violated Shabazz's rights under the First Amendment and RLUIPA; and (2) defendants were not entitled to sovereign immunity on the detinue claim and Shabazz should have his confiscated materials returned to him.

At the threshold, Shabazz is merely presenting issues that the court already ruled upon, either expressly or by reasonable implication, when the court dismissed his case. He has failed to show an intervening change in controlling law, new evidence not available at trial, a clear error of law, or manifest injustice. However, even though Shabazz's motion does not satisfy the requirements of Rule 59(e), the court will briefly discuss his arguments.

First, Shabazz argues that the court misread the intent requirement of *Lovelace v. Lee*, 472 F.3d 174 (4th Cir. 2006), because § 1983 does not require a specific intent to interfere with a plaintiff's free exercise of religion. Instead, Shabazz contends that defendants satisfied the intent requirement when they intentionally seized Shabazz's documents.

Plaintiff is correct that § 1983 "does not include an independent state-of-mind requirement," because "the Court must look to the underlying constitutional right to determine whether allegations of negligent deprivations will suffice to state a claim in any particular § 1983

2

action." *Shaheed v. Winston*, 885 F. Supp. 861, 868 (E.D. Va. 1995). Under both the Free Exercise Clause and RLUIPA, a plaintiff "must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983." *Wall v. Wade*, 741 F.3d 492, 500 n.11 (4th Cir. 2014) (quoting *Lovelace*, 472 F.3d at 201). Granted, the Fourth Circuit has never definitively determined "whether RLUIPA reaches beyond the Free Exercise Clause to prohibit conduct, such as deliberate indifference, that is less than intentional but more than negligent." *Lovelace*, 472 F.3d at 195. However, "simple negligence . . . does not suffice to meet the fault requirement of RLUIPA," *Lovelace*, 472 F.3d at 194, and the court determined that "any tortious conduct here was, at most, negligent." (Mem. Op. 14, Dkt. No. 100.) Therefore, relief under Rule 59(e) is inappropriate because plaintiff has not presented an intervening change in controlling law, new evidence, or a clear error of law.

Second, Shabazz asserts that the court erred by granting defendants sovereign immunity on the detinue claim. Specifically, he contends that (1) defendants were grossly negligent; (2) defendants' actions were ministerial, not discretionary; and (3) regardless of sovereign immunity, the VDOC should return the confiscated materials to Shabazz. However, defendants state that Shabazz's claim is moot because his property has been returned to him.[1]

Regardless, plaintiff has not established that the court's determination that defendants were entitled to sovereign immunity was a clear error of law.[2] First, defendants' confiscation of suspected gang material did not constitute "utter disregard of prudence amounting to a complete

---

[1] "Defendants note, however, that, in light of the *Coward* [*v. Robinson*, 276 F. Supp. 3d 544 (E.D. Va. 2017)] decision, VDOC has voluntarily elected to return all of the Plaintiff's confiscated materials to his possession." (Defs.' Resp. in Opp'n to the Pl.'s Rule 59(e) Mot. 3, Dkt. No. 105.) Further, "[a]s of the time of this filing, Defendants were awaiting written confirmation from Augusta Correctional Center that all of those items are back in the Plaintiff's physical possession." (*Id.*)

[2] The *Coward* decision is mostly irrelevant to Shabazz's case because the plaintiff in *Coward* sought to establish that the VDOC's zero-tolerance policy as to NGE members/Five Percenters violated RLUIPA. Here, Shabazz specifically did not challenge "the zero-tolerance policy on its face or as applied to NGE members/Five Percenters." (Mem. Op. at 1.) Therefore, *Coward* is not an intervening change in controlling law.

3

neglect." *Green v. Ingram*, 608 S.E.2d 917, 922 (Va. 2005). Moreover, although defendants failed to interview Shabazz, Shabazz has not shown that defendants' oversight shocked the conscience so as to constitute gross negligence. Third, the court previously determined that defendants' actions were discretionary in examining the suspected prohibited items, and Shabazz does not present any law or facts contradicting the court's ruling. Therefore, Shabazz has not presented any intervening change in controlling law, new evidence, or a clear error of law that would entitle him to relief under Rule 59(e).

## III. CONCLUSION

Accordingly, the court DENIES the motion to alter or amend the judgment (Dkt. No. 102).

The clerk is directed to provide a copy of this opinion and order to all counsel of record.

Entered: September 24, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge